**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL ROBINSON,

    Petitioner,                                    Civil No. 2:17-CV-13974
                                                        HONORABLE SEAN F. COX
v.                                                    UNITED STATES DISTRICT JUDGE

JOHN DAVIDS,[1]

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY OR
LEAVE TO APPEAL *IN FORMA PAUPERIS***

Michael Robinson, ("Petitioner"), presently confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of armed robbery, M.C.L.A. § 750.529, one count of first-degree home invasion, M.C.L.A. § 750.110(a)(2), and one count of felony firearm, M.C.L.A. § 750.227(b). For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following the entry of a no contest plea and sentence agreement in the Genesee County Circuit Court.

The victim, Brian Smith, testified that he answered a knock at the door. Petitioner asked him if his dad was at home. Smith answered, "no." Petitioner pulled out a gun and forced Smith and his brother into the basement, where their father had three marijuana plants growing for medicinal

---

[1]The Court amends the caption to reflect the current warden of petitioner's incarceration.

1

purposes. Petitioner stole the plants and escaped on foot. A vehicle later picked him up. Petitioner and the driver of the vehicle are members of a Flint street gang called "Dogs for Life." (T. 8/22/13, pp. 8-10).

Petitioner pleaded no contest in exchange for the dismissal of an unrelated carrying a concealed weapon charge pending in another case, and a plea and sentence agreement on the four pending charges. (T. 12/3/2013, p. 6). The trial court judge sentenced him to ten to thirty years as follows: "On count two, armed robbery, which carries up to life, I'm gonna sentence you to serve a minimum of a hundred and twenty months, a maximum of three hundred and sixty months. On count three, home invasion in the first degree, which I think by law could be consecutive. I think discretionarily by--by--by the Court. I'm gonna run it concurrent with counts one, two and three and I'm gonna sentence you to serve a minimum of eight years which would be ninety-six months and a maximum of two hundred and forty months. And then of course you have to do two years flat on the felony firearm. That would be consecutive to counts one, two and three." (T. 1/8/2014, p. 12).

Petitioner did not file leave to appeal with the Michigan Courts. Petitioner filed a post-conviction motion for relief from judgment with the Genesee County Circuit Court, which was denied. *People v. Robinson,* No. 13-33612-FC (Genesee County Circuit Court, Oct. 15, 2015). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Robinson,* No. 330041 (Mich.Ct. App. Feb. 24, 2016). Petitioner then filed for application for leave to appeal in the Michigan Supreme Court and added the following claim:

> V. Due process requires that a plea based conviction be knowingly, intelligently and voluntarily made. To meet these standards, the record must establish an adequate factual basis to support the charge. Where defendant pled no contest and the trial court did not recite its factual findings from a transcript review, the trial court abused its discretion when it denied defendant's request to withdraw his plea before sentencing when defendant asserted that he had not had sufficient time to discuss the

matter with counsel.

The Michigan Supreme Court denied the application for leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Robinson*, 500 Mich. 919, 887 N.W.2d 804 (2016).

Petitioner then filed with this Court a habeas petition containing the following issues:

I. Due process requires that a plea based conviction be knowingly, intelligently, and voluntarily made. To meet these standards, the record must establish an adequate factual basis to support the charge. Where defendant pled no contest with a different attorney tha[n] the one that conducted the preliminary examination and where cross-examination was improperly curtailed on the issue of lawful permission to enter, did trial court err by denying petitioner's motion to vacate his plea?

II. At the time of this sentence, a trial court's scoring decision had to be supported by a preponderance of the evidence with the burden on the prosecution. Where the Presentence Investigation Report acknowledges that OV4 was scored based on an assumption and no record evidence supports serious psychological injury requiring professional treatment, did the trial court err by assessing 10 points[?]

III. At the time of this sentence, a trial court's scoring decision had to be supported by a preponderance of the evidence with the burden on the prosecution. Where the Presentence Investigation Report scored 15 points for offense variable 8 (asportation or captivity) ordering victims to the basement of the dwelling but the object to be stolen was in the basement, did the trial court err by assessing 15 points[?]

IV. At the time of this sentence, a trial court's scoring decision had to be supported by a preponderance of the evidence with the burden on the prosecution. Where the Presentence Investigation Report scored 15 points for Offense Variable 13 (a pattern of three or more crimes against a person) but this was defendant's first adult conviction, did the trial court err by assessing 15 points[?]

V. The Sixth Amendment right to counsel includes a requirement that counsel perform effectively, counsel must, at a minimum, do a reasonable investigation and presented relevant evidence on a defendant's behalf. Where trial counsel failed to pursue acknowledged errors in scoring of the guidelines which led to a higher guideline range tha[n] the evidence could support, did trial counsel provide effective assistance?

VI. Petitioner was deprived of his constitutional right to the effective assistance of counsel where appellate counsel failed to timely file an application for leave to

3

appeal, thereby depriving petitioner of his direct appeal.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim

"was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Petitioner's claims were raised in his post-conviction motion for relief from judgment. In reviewing a claim under the AEDPA's deferential standard of review, this Court must review "the last state court to issue a reasoned opinion on the issue." *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010)(quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005). Because the Michigan Court of Appeals and the Michigan Supreme Court both denied petitioner's post-conviction application for leave to appeal in unexplained one-sentence orders, this Court must "look through" these decisions to the Genesee County Circuit Court opinion denying the motion for relief from judgment, the last state court to issue a reasoned opinion, and determine whether that court's adjudication of petitioner's claims was "contrary to," or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See Hamilton v. Jackson*, 416 F. App'x 501, 505 (6th Cir. 2011). Although the state trial court judge mentioned Mich. Ct. R. 6.508(D)(3), he also denied petitioner's post-conviction claims on the merits, thus, the AEDPA's deferential standard of review applies to his opinion. *See Moritz v. Lafler*, 525 F. App'x 277, 284 (6th Cir. 2013).

### III. Discussion

The Court will discuss petitioner's claims together because they are interrelated. In his first claim, petitioner alleges that his no contest plea was not knowingly, intelligently, or understandingly made because "he did not have enough time to fully contemplate the plea offer and sentence

5

agreement," with his defense counsel. In his second, third, and fourth claims, petitioner challenges the scoring of his sentencing guidelines. In his fifth claim, he alleges that trial counsel was ineffective for failing to acknowledge the errors in the sentencing guideline range. In his sixth claim, petitioner alleges that appellate counsel was ineffective for failing to timely file an application for leave to appeal, thereby depriving him of his direct appeal.

Petitioner initially contends that his no contest plea was involuntary because he did not have sufficient time to consult with his attorney in regards to his sentencing guidelines range.

At the outset, petitioner has no federal constitutional right to withdraw his no contest plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or no contest plea is discretionary with the state trial court. See *Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty or no contest plea. *Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013)(internal quotations omitted).

The only question on collateral review of a guilty or no contest plea is whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989). Therefore, the specific question for this Court is whether petitioner's no contest plea was voluntary and intelligent. *Hoffman*, 159 F. Supp. 2d at 655. "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998)(citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A guilty or no contest plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645, n. 13 (1976). A plea is knowing and intelligent

6

if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty or no contest. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id*.

It is only when the consensual character of a guilty or no contest plea is called into question that the validity of a the plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A guilty or no contest plea entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id*.

Petitioner argues that his plea was involuntary because he did not understand the specific sentencing guidelines ranges for the charged offenses.

The Sixth Circuit has noted that "[t]here is no constitutional requirement that a defendant be informed by the court during the plea colloquy of his estimated guidelines sentencing range." *United States v. Ufie*, 5 F. App'x 357, 359 (6th Cir. 2001); *see also Smith v. Burt,* No. 2009 WL 2876987,

7

*3 (E.D. Mich. September 3, 2009)(ruling that the petitioner's plea was not involuntary because he was not advised of the applicable sentencing guidelines range, noting that "[T]here is no constitutional requirement that a defendant be informed of a possible minimum sentence."). Therefore, any failure of the trial court's failure to properly advise petitioner of the sentencing guidelines range for the charges would not render his plea involuntary. *See United States v. Stephens,* 906 F.2d 251, 253-54 (6th Cir. 1990)(upholding district court's denial of motion to withdraw guilty plea where defendant was informed of consequences of guilty plea, knew maximum sentence of imprisonment, and understood that court would sentence defendant according to the Guidelines even though defendant did not know specific sentencing guidelines range to which he was exposed).

The trial court judge advised petitioner of his rights and the difference in the sentence exposure if he proceeded to trial, compared to the plea and sentence agreement obtained by his counsel. (T. 12/3/2013, pp. 8-20). The trial court judge also informed petitioner that by accepting the plea agreement, petitioner would be given a minimum sentence of two years on the felony firearm charge plus ten and a half years on the armed robberies, which would run concurrent to the home invasion sentence. (*Id*, p. 10). Petitioner has failed to show that his plea was not made knowingly, intelligently, and voluntarily. Accordingly, petitioner is not entitled to relief on his first claim.

Petitioner's second, third, and fourth claims challenge the scoring of OV 4, 8, and 13 of the sentencing guidelines. Petitioner alleges that points were improperly assessed within these variables.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76

(2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's second, third, and fourth claims alleging that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines are not cognizable claims for federal habeas review, because they are basically state law claims. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Therefore, any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

In his fifth claim, petitioner claims that trial counsel was ineffective for failing to acknowledge errors in the sentencing guidelines, which if accurately scored would have resulted in a lower sentencing guideline range.

To show that he was denied the effective assistance of counsel under federal constitutional

9

standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

In this case, the trial judge and the Michigan appellate courts rejected petitioner's sentencing guidelines claim. Petitioner is therefore unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See e.g., Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined

10

to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007).

Petitioner finally argues that appellate counsel was ineffective for failing to file a timely application for leave to appeal, thereby depriving petitioner of his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *see Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005).

Petitioner raised his ineffective assistance of appellate counsel claim, along with his other claims, in his post-conviction motion for relief from judgment with the assistance of appointed counsel. The trial court judge agreed that appellate counsel "provided Defendant with ineffective assistance by missing the filing deadline which resulted in Defendant forfeiting his ability to file an application for leave to appeal his convictions and sentences." *Robinson,* No. 13-33612-FC, at *2. While finding that petitioner demonstrated good cause for not raising his arguments on appeal, the trial court judge ruled that petitioner failed to demonstrate actual prejudice because "(1) there was no defect in his no-contest plea, let alone one that would render the plea involuntary to a degree that it would be manifestly unjust to allow the conviction to stand; (2) there was no irregularity, let alone one so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case; and (3) his sentence is not invalid." *Id*. Petitioner later raised his claims in the Michigan Court of Appeals with the assistance of appellate counsel. (*See* Defendant-Appellant's Brief on Appeal, ECF 10-9, PageID 246-277).

Petitioner is unable to show that he was prejudiced by his appellate counsel's failure to timely file a direct appeal, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F.2d 264, 265-267 (6th Cir. 1983); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to file a timely appeal did not cause him any injury. *See Gardner v. Ponte*, 817 F.2d 183, 189 (1st Cir. 1987). Petitioner obtained a hearing before the trial court on all the issues that he would have raised in a direct appeal. These same issues were reviewed by two appellate courts. Petitioner was represented by counsel and the issues were fully briefed. *Id.* The failure to timely file an appeal did not cause petitioner any demonstrable harm because petitioner's claims were eventually considered and rejected on valid state grounds by the same courts that would have heard his direct appeal. *Hollin*, 710 F.2d at 269 (Merritt, J. concurring). There is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided. *Gardner,* 817 F.2d at 189.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.[2] The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

### V. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be denied leave to appeal *in forma pauperis*.

Dated: May 21, 2019            s/ Sean F. Cox
                               Sean F. Cox
                               U. S. District Judge

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.